UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; AND CHARLES A. WHOBREY, AS TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>KIEHL BUILDING SERVICES CORP., an OHIO CORPORATION,<br><br>Defendant. | No. 24-cv-11719<br><br>District Judge John F. Kness<br>Magistrate Judge Keri L. Holleb Hotaling |

### MEMORANDUM OPINION AND ORDER

Plaintiffs the Central States, Southwest and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, Trustee (collectively, "Central States"), filed this lawsuit seeking to recover an interim withdrawal liability payment of more than $1 million under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. Before the Court is Defendant Kiehl Building Service Corporation's ("Kiehl") Motion to Compel [Dkt. 29] (the "Motion"), which has been briefed and was argued before the Court on October 28, 2025. For the reasons detailed below, Defendant's Motion is denied.

### GENERAL BACKGROUND

Congress enacted ERISA in 1974 to ensure that employees and their beneficiaries would not be deprived of anticipated retirement benefits by the termination of pension plans before sufficient funds had been accumulated in them. *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 607 (1993). To address the debilitating effect that employer withdrawals have on multiemployer plans, Congress passed the MPPAA, 29 U.S.C. §§ 1381-1461.

1

*Cent. States, Se. & Sw. Areas Pension Fund v. Nitehawk Express, Inc.*, 223 F.3d 483, 486 (7th Cir. 2000). The MPPAA provides that when an employer withdraws from a multiemployer plan, it must pay "withdrawal liability" in an amount roughly equal to its proportionate share of the plan's unfunded vested benefits, which is the difference between the present value of a pension plan's assets and the present value of the benefits it will be obligated to pay in the future. *Connolly v. Pension Benefit Guar. Corp.*, 475 U.S. 211, 217 (1986); 29 U.S.C. §§ 1381, 1391.

"Under the MPAA, once an employer receives notice of liability and demand for payment, 'it must begin paying according to the schedule.'" *Cent. States, Se. & Sw. Areas Pension Fund v. St. Joseph Packaging, Inc.*, No. 10-cv-950, 2010 WL 4627654, at *1 (N.D. Ill. Nov. 4, 2010) (quoting *Chicago Truck Drivers v. El Paso Co.*, 525 F.3d 591, 595 (7th Cir. 2008)). Upon receiving the notice and demand for payment of the withdrawal liability, the employer may ask the plan to review its assessment. 29 U.S.C. § 1399(b)(2); *Cent. States, Se. & Sw. Areas Pension Fund v. Bell Transit Co.*, 22 F.3d 706, 707 (7th Cir. 1994). If dissatisfied with the review, the employer may initiate arbitration to challenge the withdrawal liability assessment. 29 U.S.C. § 1401(a)(1); *Bell Transit*, 22 F.3d at 707. However, the initiation of arbitration proceeds "does not suspend the employer's obligation to pay" *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 105 (7th Cir. 2011) (quoting *Bell Transit*, 22 F.3d at 707), because the MPPAA establishes a "pay now, dispute later" scheme that "places a premium on prompt payment" of the interim withdrawal liability until the liability is finally determined. *St. Joseph Packaging, Inc.*, 2010 WL 4627654, at *1; *Chicago Truck Drivers*, 525 F.3d at 595. If the employer prevails in the arbitration, it then may be entitled to a refund of the interim payments made. 29 U.S.C. § 1401(d); *Bomar*, 253 F.3d at 1015.

## FACTUAL BACKGROUND

During relevant times, Kiehl was bound by collective bargaining agreements with a local union affiliated with the International Brotherhood of Teamsters under which Kiehl was required to

2

make contributions to the Pension Fund on behalf of certain of its employees. [Dkt. 1, ¶ 9.] The Pension Fund determined that on September 29, 2019, Kiehl permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383. [*Id*. at ¶ 10.] As a result of this complete withdrawal, the Pension Fund determined that Kiehl incurred withdrawal liability to the Pension Fund in the principal amount of $1,027,007.44, as determined under 29 U.S.C. § 1381(b). [*Id*. at ¶ 11.]

On or about December 13, 2019, Kiehl received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). [*Id*. at ¶ 12.] By letter to the Pension Fund dated January 2, 2020, Kiehl requested review of the withdrawal liability pursuant to 29 U.S.C § 1399(b)(2). [*Id*. at ¶ 13.] On or about March 23, 2020, Kiehl received a notice issued by the Pension Fund in accordance with 29 U.S.C §1399(b)(2)(B), which notice advised Kiehl that the Pension Fund had rejected the arguments Kiehl had raised in its review request and re-affirmed the withdrawal liability assessment. [*Id*. at ¶ 14.] On May 7, 2020, Kiehl initiated arbitration with respect to the withdrawal liability pursuant to 29 U.S.C. § 1401(a), which arbitration remains pending. [*Id*. at ¶ 15.] Central States filed this action because to date, Kiehl has not made any portion of the interim payment that is required pending the outcome of the dispute through arbitration. *Trustees of Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 118 (7th Cir. 1991).

## DISCUSSION

Seventh Circuit law makes clear that the issues to be litigated before the district court, in a case such as this one, are quite narrow. In *Bomar*, the Seventh Circuit held that the district court may find that Central States is not entitled to the interim payment only if Defendant establishes "1) that the pension fund's claim is frivolous and 2) that imposing interim liability would cause irreparable

harm." 253 F.3d at 1019. Kiehl seeks to compel discovery in this interim payment collection action regarding Kiehl's challenges to the Pension Fund's determinations and calculations underlying Kiehl's withdrawal liability assessment – *i.e.*, that (1) Kiehl is entitled to the "building and construction industry" exemption provided by 29 U.S.C. § 1383(b), and (2) Kiehl is entitled to pay its withdrawal liability over time (as opposed to in lump sum) under 29 U.S.C. § 1399(c). [Dkt. 29 at 6, 9-11.] Both topics under which Kiehl seeks discovery are disputes that "shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). The discovery sought does not appear to seek information that goes to the issue of irreparable harm.

Kiehl relies heavily on the recent Seventh Circuit opinion of *Central States, Southeast & Southwest Areas Pension Fund v. Event Media, Inc.*, 135 F.4th 529, 533-34 (7th Cir. 2025), and contends that, "[w]e know now that Central States' withdrawal liability calculations, for years, were wrong, and not coincidentally wrong to its benefit." [Dkt. 29 at 10.] Due to *Event Media*, Kiehl maintains that the discovery it seeks is highly relevant and it should be allowed to "arm itself" with the documents held by Central States to "prove just how wrong their withdrawal liability assessment is." [*Id.*] The *Event Media* court held that that the highest contribution rate the Pension Fund had been using in calculating period installment payment schedules was wrong and should have been the rate in effect in 2014. 135 F.4th at 532. *Event Media* is distinguishable from the present case because, as Central States counsel addressed in oral argument, Central States did not issue Kiehl a multi-year payment schedule; instead, it assessed Kiehl under a default provision under 1399(c) requiring a lump sum payment. The default provision under 1399(c) does not involve any of the calculations that were at issue in *Event Media* and does not change the Court's analysis.

Instead, the Court finds *St. Joseph Packaging* to be on point and instructive here. 2010 WL 4627654, at *3. In *St. Joseph Packaging*, the employer sought various discovery regarding its challenges to the withdrawal liability assessment. Magistrate Judge Finnegan found that while the

4

employer would be entitled to such discovery in the arbitration, such discovery was not relevant to the interim payment collection action and thus granted the Pension Fund's motion for a protective order barring such discovery. *Id.* at *5. For the same reasons, the Court finds Kiehl is not entitled to the discovery it seeks in this action, even though it is entitled to such discovery in the ongoing arbitration proceedings.

Tellingly, despite styling its Motion as a motion to compel discovery responses, Kiehl also asks the Court in its Memorandum of Points and Authorities to not even entertain the discovery dispute over Central States non-answers and non-responses and rather "stay this entire case and remand the dispute back to its pending arbitral forum." [Dkt. 29 at 9.] As the Court made clear during oral argument, that relief is not relief that can be granted in a motion to compel. If Kiehl seeks a stay and/or a remand back to its pending arbitral forum, that relief should be sought from and directed to the assigned district judge, Judge Kness.

## CONCLUSION

For the foregoing reasons, Kiehl's Motion to Compel [Dkt. 29] is denied. The parties shall prepare a joint status report, indicating whether an expert discovery schedule should be entered by the Court and proposing the same by December 8, 2025.

**ENTERED: November 24, 2025**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge